**George MALDONADO, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7897.**

Court of Appeals of Alaska.

March 2, 1984.

Don C. Bauermeister, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Laurie Otto, Dist. Atty., Bethel, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

George Maldonado was convicted, based upon his no contest plea, of the offense of burglary in the second degree, a class C felony. AS 11.46.310. Maldonado, against the advice of his attorney, stipulated that he had formerly been convicted of two prior felonies which would qualify as prior felony convictions under the provisions of AS 12.55.145, He agreed that he was therefore subject to a presumptive sentence of three years. AS 12.55.125(e)(2). Maldonado also indicated that he was willing to be sentenced without having a presentence report prepared. Alaska R.Crim.P. 32(c). The prosecutor indicated that if Maldonado was willing to stipulate that he was a third-felony offender, she would not file notice of any aggravating factors and would not ask the court to enhance Maldonado's sentence because of the presence of aggravating factors. AS 12.55.155(c). Maldonado's attorney indicated that, in his opinion, Maldonado had only one former felony conviction which would qualify as a prior felony under AS 12.55.145. Although his advice to Maldonado was that he should not stipulate that he had two prior convictions, he agreed that Maldonado was making a reasonable and informed choice in stipulating that he had

two prior felony convictions and in agreeing to waive a presentence report. At sentencing, Judge Christopher R. Cooke carefully inquired about the stipulation and also concluded that Maldonado was making a reasonable and informed choice in stipulating that he had two prior felony convictions and in agreeing to waive a presentence report. He then proceeded to sentence Maldonado to the three-year presumptive term. Maldonado now appeals arguing that Judge Cooke erred in sentencing him as a third-felony offender on a record which only establishes one prior felony offense and in not ordering a presentence investigation before sentencing him. We conclude that Maldonado must be resentenced under the provisions of the revised code.

■ A major purpose in enacting the revised criminal code was to eliminate unjustified disparity in sentencing. In order to accomplish this aim the legislature devised a statutory scheme which provided for relatively inflexible sentences, at least for those persons convicted of second or subsequent felony offenses. *See Juneby v. State,* 641 P.2d 823, 830 (Alaska App.1982), *modified on reh'g,* 665 P.2d 30 (Alaska App.1983). An important part of the revised code involves the proof of prior convictions which result in the imposition of presumptive sentences.[1] Alaska Statute 12.55.145 governs the proof of prior convictions.[2] That statute has very specific pro-

---

1. Presumptive sentences may be modified upward or downward if the trial judge finds the presence of statutory aggravating or mitigating factors. AS 12.55.155. In addition, a presumptive sentence may be modified if the trial judge finds extraordinary circumstances and the three-judge panel agrees with the trial judge and modifies the sentence. AS 12.55.165; AS 12.55.-175.

2. Former AS 12.55.145, in effect at the time of Maldonado's offense, provides:

   *Prior Convictions.* (a) For purposes of considering prior convictions in imposing sentence under this chapter

   (1) a prior conviction may not be considered if a period of seven or more years has elapsed between the date of the defendant's unconditional discharge on the immediately

preceding offense and commission of the present offense;

(2) a conviction in this or another jurisdiction of an offense having elements substantially identical to those of a felony defined as such under Alaska law is considered a prior felony conviction;

(3) two or more convictions arising out of a single, continuous criminal episode during which there was no substantial change in the nature of the criminal objective are considered a single conviction, except that offenses committed while attempting to escape or avoid detection or apprehension after the commission of another offense are not part of the same criminal episode or objective.

(b) When sentence is imposed under this chapter, prior convictions not expressly admitted by the defendant must be proved by authenticated copies of court records served

visions controlling exactly which convictions should be counted as prior felony convictions for the purpose of imposing a presumptive sentence. Although the statute does provide that the defendant can admit that he has a prior felony conviction, the statute also provides that the conviction must be "expressly admitted." AS 12.55.-145(b). On the vague record before this court it appears that the parties did not have a particular second felony in mind when they stipulated that Maldonado had two prior felonies. On this record we do not know whether Maldonado has two prior felony convictions which qualify under AS 12.55.145. Neither does it appear that the sentencing judge had any basis to decide whether Maldonado actually had two prior felony convictions which qualify under AS 12.55.145. This situation was further aggravated by the fact that no presentence report was prepared[3] in this case. We do not believe that the procedure employed in this case is consistent with the legislative policy of promoting uniformity in sentencing or with the procedure for proving prior convictions which the legislature established under AS 12.55.145. Consequently, we order Maldonado's sentence vacated and remanded for resentencing.[4]

The sentence is VACATED. The case is REMANDED for resentencing.

on the defendant or his counsel at least 10 days before the date set for imposition of sentence.

(c) If the defendant denies the authenticity of a prior judgment of conviction, that he is the person named in the judgment, that the elements of a prior offense committed in another jurisdiction are substantially identical to those of a felony defined as such under Alaska law, or that a prior conviction occurred within the period specified in (a)(1) of this section or if he alleges that two or more purportedly separate prior convictions should be considered a single conviction under (a)(3) of this section, the defendant shall file with the court and serve on the prosecuting attorney notice of denial no later than five days before the date set for the imposition of sentence. The notice of denial shall include a concise statement of the grounds relied upon and may be supported by affidavit or other documentary evidence.

(d) Matters alleged in a notice of denial shall be heard by the court sitting without a jury. If the defendant introduces substantial evidence that he is not the person named in a prior judgment of conviction, that the judgment is not authentic, that the conviction did not occur within the period specified in (a)(1) of this section, or that a conviction should not be considered a prior felony conviction under (a)(2) of this section, then the burden is on the state to prove the contrary beyond a reasonable doubt. The burden of proof that two or more convictions should be considered a single conviction under (a)(3) of this section

is on the defendant by clear and convincing evidence.

(e) The authenticated judgments of courts of record of the United States, the District of Columbia, or any state, territory, or political subdivision of the United States are prima facie evidence of conviction.

3. The language of Criminal Rule 32(c) appears to make the preparation of a presentence report mandatory. That rule provides in pertinent part that "[t]he probation service shall make presentence investigation and report before the court imposes sentence or grants probation." Alaska R.Crim.P. 32(c)(1). Of course a criminal rule may be relaxed under the provisions of Criminal Rule 53. However, Criminal Rule 32(c) should be relaxed only in an unusual circumstance where the absence of a presentence report clearly does not interfere with the trial judge's ability to impose an appropriate sentence and with this court's ability to review the sentence.

4. The state argues that this court has no jurisdiction to consider this appeal because Maldonado applied for and received from the court permission to file a sentence appeal. The state argues that Maldonado is not bringing a sentence appeal because he is not arguing that his sentence is excessive. The state may be technically correct. However, we have previously indicated that matters similar to the ones which Maldonado raises may, for procedural purposes, be brought as sentence appeals. *Juneby v. State,* 641 P.2d at 835 n. 18.